**In re: COMCAST CORP. PEER–TO–PEER (P2P) TRANSMISSION CONTRACT LITIGATION.**

**MDL No. 1992.**

United States Judicial Panel on Multidistrict Litigation.

Dec. 5, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL,* DAVID R. HANSEN and W. ROYAL FURGESON, JR., Judges of the Panel.

**TRANSFER ORDER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** All Comcast affiliated defendants [1] have moved, pursu-

---

\* Judge Vratil took no part in the disposition of this matter.

1. Comcast Corp.; its three national operating subsidiaries: Comcast Cable Communica-

ant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of Illinois. Plaintiff in a potential tag-along action pending in the Northern District of Illinois joins in this motion. Plaintiffs in the Northern District of California action and the Eastern District of Pennsylvania action agree that centralization is appropriate or do not oppose the motion. These plaintiffs, however, suggest selection of the district in which their action is pending as transferee forum. The Comcast defendants alternatively support centralization in either of these districts. Plaintiffs in the four remaining actions initially opposed the motion, but at the hearing session, they stated that they now support centralization in either the Northern District of California or Eastern District of Pennsylvania.

This litigation presently consists of six actions listed on Schedule A and pending as follows: one action each in the Central District of California, the Northern District of California, the Northern District of Illinois, the District of New Jersey, the District of Oregon and the Eastern District of Pennsylvania.[2]

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of allegations that Comcast (1) slowed, delayed or otherwise impeded peer-to-peer (P2P) transmissions sent using its broadband highspeed internet service (HSIS) (even though it advertised "unfettered" access), and (2) failed to disclose this practice to its subscribers. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of Pennsylvania is an appropriate transferee forum, because Comcast's principal place of business is in Pennsylvania, and relevant documents and witnesses may be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to this district and, with the consent of that court, assigned to the Honorable Legrome D. Davis for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

tions, LLC, Comcast Cable Communications Holdings, Inc., and Comcast Cable Communications Management, LLC; and multiple local franchise subsidiaries: Comcast of California II, Inc., Comcast of California III, Inc., Comcast of California V, Inc., Comcast of California VI, Inc., Comcast of California IX, Inc., Comcast of California X, Inc., Comcast of California XIII, Inc., Comcast Cablevision of Jersey City, LLC, Comcast Cablevision of Meadowlands, LLC, Comcast of Hopewell Valley, Inc., Comcast of New Jersey, LLC, Comcast of Chicago, Inc., Comcast of Illinois

I, Inc., Comcast of Illinois III, Inc., Comcast of Illinois IC, Inc., Comcast of Northern Illinois, Inc., Comcast of Illinois/Texas, LP, Comcast Mo Telecommunications Corp., Comcast Programming Holdings, Inc., and Comcast of South Chicago, Inc.

2. The Panel has been notified that a related action is pending in the Northern District of Illinois. This action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

MDL No. 1992 — **IN RE: COMCAST CORP. PEER–TO–PEER (P2P) TRANSMISSION CONTRACT LITIGATION**

*Central District of California*

*Jordan Leigh, et al. v. Comcast of California II, Inc., et al.,* C.A. No. 2:08–4601

*Northern District of California*

*Jon Hart v. Comcast of Alameda, Inc., et al.,* C.A. No. 3:07–6350

*Northern District of Illinois*

*Roger Lis v. Comcast of Chicago, Inc., et al.,* C.A. No. 1:08–3984

*District of New Jersey*

*Daniel Libonati, Jr. v. Comcast Cablevision of Jersey City, LLC, et al.,* C.A. No. 1:08–3518

*District of Oregon*

*Robert M. Topolski v. Comcast Corp., et al.,* C.A. No. 3:08–852

*Eastern District of Pennsylvania*

*Sonny Tan v. Comcast Corp.,* C.A. No. 2:08–2735